Filing # 53892453 E-Filed 03/17/2017 03:19:33 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR CITRUS COUNTY, FLORIDA
CIVIL DIVISION

ELIZABETH ANTONELLI,
Individually and on behalf of
all others similarly situated,

Plaintiff,

vs. Case No.:

CITRUS PUBLISHING, LLC,
a/k/a LANDMARK MEDIA
ENTERPRISES LLC,

Defendant.
_______________________________/

## COMPLAINT

COMES NOW Plaintiff, ELIZABETH ANTONELLI, individually and on behalf of all others similarly situated, hereinafter referred to as "Plaintiff", pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, and sues CITRUS PUBLISHING, LLC, a/k/a LANDMARK MEDIA ENTERPRISES LLC, hereinafter referred to as "CITRUS PUBLISHING" or "Defendant" and alleges:

## JURISDICTION AND VENUE

1. This is an action for damages which exceed Fifteen Thousand (15,000.00) Dollars exclusive of costs and interest.

## PARTIES

2. Plaintiff, ELIZABETH ANTONELLI, resides in Crystal River, Citrus County, Florida.

3. At all times material hereto Defendant, CITRUS PUBLISHING, is a Foreign Limited Liability Company, engaged in substantial and not isolated business activities within Citrus County, Florida.

4. Defendant, CITRUS PUBLISHING. is an employer as defined by the laws under which this action is brought and employed the required number of employees.

## FACTUAL ALLEGATIONS

5. On or about July 7, 2014, Plaintiff, ELIZABETH ANTONELLI, began her employment with Defendant as an Outside Sales Representative at its 1624 North Meadowcrest Boulevard location in Crystal River, Florida. During her tenure with Defendant, Plaintiff progressed to an Inside Sales Representative position.

6. Plaintiff was paid on an hourly basis.

7. Plaintiff was required to attend mandatory monthly working lunches for which she was not compensated.

8. Plaintiff was also required to attend 6 to 8 mandatory vendor events each year lasting 4 to 8 hours each for which she was not paid.

9. Plaintiff regularly worked 45 to 55 hours per week, but was only compensated for 40 hours per week (not including weeks when there was a working lunch or vendor event).

10. Plaintiff was not fully compensated for all earned commissions in the month of February 2017.

## COUNT I
### (Fair Labor Standard Act)

11. Plaintiff realleges and adopts paragraphs 1 through 10 as though set forth fully herein.

12. The employment of Plaintiff provides for a forty (40) hour work week, but throughout her respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

13. At all times material, Defendant, CITRUS PUBLISHING, failed to comply with 29

U.S.C. §201 *et seq.*, in that Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiff at the rate of time and one-half her regular rate of pay for the hours worked over forty (40) in a work week.

14. Defendant's failure to pay Plaintiff the required overtime pay was intentional and willful.

15. As a direct and legal consequence of Defendant's unlawful acts, Plaintiff has suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, ELIZABETH ANTONELLI, Individually and on behalf of all others similarly situated, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

**COUNT II**
***(Unpaid Wages)***

16. Plaintiffs reallege and adopt paragraphs 1 through 15 as if set out in full hereafter.

17. At all times material herein, Plaintiff, ELIZABETH ANTONELLI, has been employed by Defendant, CITRUS PUBLISHING, in Citrus County, Florida.

18. Plaintiff has earned unpaid wages which are owed and payable by the Defendant employer pursuant to Chapter 448, *Florida Statutes.*

19. Despite Plaintiff's reasonable attempts to obtain payment of these earned monies, the Defendant, CITRUS PUBLISHING, has failed and refused to make payment as required by Chapter 448, *Florida Statutes.*

20. As a direct and proximate result of the Defendant, CITRUS PUBLISHING'S, failure to pay Plaintiff, ELIZABETH ANTONELLI, her unpaid wages, Plaintiff has retained the undersigned counsel and is obligated to pay their costs and attorneys' fees.

WHEREFORE, Plaintiff, ELIZABETH ANTONELLI, demands judgment for back pay. interest, attorneys' fees and costs and such other relief to which Plaintiff may be justly entitled.

**COUNT III**

21. Plaintiffs reallege and adopts paragraphs 1 through 15 as though set forth fully herein.

22. At all times material, Defendant, CITRUS PUBLISHING, employs numerous individuals. Such individuals are similarly situated to Plaintiff with respect to the terms and conditions of their employment.

23. Throughout their respective employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

24. At all times material, Defendant failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly situated to Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half their regular rate of pay for the hours worked over forty (40) in a work week.

25. Defendant's failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

26. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and

attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, ELIZABETH ANTONELLI, individually and on behalf of all others similarly situated, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, CITRUS PUBLISHING, for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

27. Plaintiff requests a jury trial on all issues so triable.

Dated this 20th day of March, 2017.

**FLORIN ROEBIG, P.A.**

*/s/ Wolfgang M. Florin, Esquire*
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary: WMF@florinroebig.com
**CHRISTOPHER D. GRAY, ESQUIRE**
FL Bar No.: 902004
Primary: CDG@florinroebig.com
**LINDSEY C. KOFOED, ESQUIRE**
FL Bar No.: 0063956
Primary: lck@florinroebig.com
Secondary: LABOR_efiling@florinroebig.com
glw@florinroebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff