# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ELIZABETH ANTONELLI,

    Plaintiff,

v.

                            Case No.: 5:17-cv-00156-JSM-PRL

CITRUS PUBLISHING, LLC,
a/k/a LANDMARK MEDIA
ENTERPRISES LLC,[1]

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND RELEASE
## OF FAIR LABOR STANDARDS ACT CLAIMS AND FLORIDA UNPAID WAGE CLAIMS

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is entered into by Elizabeth Antonelli ("Plaintiff") and Citrus Publishing, LLC ("Defendant").

WHEREAS, Plaintiff filed a civil lawsuit in the Fifth Judicial Circuit Court in Citrus County Florida, later removed to this Court as the above-styled case, against Defendant ("the Lawsuit") alleging overtime compensation was due to her pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and Chapter 448 of the Florida Statutes; and

WHEREAS, Plaintiff was compelled to arbitrate her claims but the Parties reached this settlement prior to initiating arbitration;

WHEREAS, Defendant denies liability and/or any other wrongdoing with regard to Plaintiff; and

WHEREAS the parties to this Agreement have agreed to resolve the claims they have against each other in relation to the FLSA and Florida law; and

---

[1] The correct name of the Defendant is Citrus Publishing, LLC.

NOW, THEREFORE in exchange for the promises and considerations set forth below, the sufficiency of which is hereby acknowledged, the parties agree as follows:

1. The payment set forth in paragraph 2, below, constitutes full payment of all of Plaintiff's alleged unpaid overtime wages, liquidated damages, and attorneys' fees for Plaintiff's claims under the Fair Labor Standards Act and Florida law in the above-styled lawsuit, and Plaintiff and Defendant agree to file a Motion for Approval of the terms of this Settlement Agreement and Release of Fair Labor Standards Act Claims and Florida law claims and to seek dismissal of those claims, with prejudice.

2. In consideration of promises contained herein, Defendant agrees to pay Plaintiff the total sum of $10,966.40 (Ten Thousand Nine Hundred Sixty-Six Dollars and Forty Cents), associated with Plaintiff's claims under the Fair Labor Standards Act and Florida law as follows:

(a) $3,101.63, for alleged unpaid overtime wages, minus standard withholdings and taxes, for which an IRS Form W-2 shall issue to Plaintiff; and

(b) 3,101.63, for alleged liquidated damages, for which Plaintiff will provide an IRS W-9 form and an IRS Form 1099 shall issue to Plaintiff; and

(c) $4,763.14, for alleged attorney's fees and costs, for which IRS Forms 1099 shall issue to both Plaintiff's counsel (for $4,763.14) and to Plaintiff (for $4,763.14).

3. Defendant shall pay the $10,966.40 to counsel for Plaintiff, as set forth above, seven (7) business days after the Court has entered its order dismissing Plaintiff's FLSA and Florida law claims with prejudice.

4. In exchange for, and in consideration of the payments set forth in paragraph 2 above, Plaintiff, for herself and her heirs, executors, administrators, successors and assigns, fully, irrevocably, unconditionally and forever waives, discharges, and releases: a) Defendant, Landmark

Community Newspapers, LLC, Landmark Media Enterprises, LLC, and their subsidiaries, parents, related individuals and companies, and their boards of directors, shareholders, officers, employees, members, partners, agents, attorneys, insurers, representatives, heirs, successors and assigns ("Released Parties") from any and all grievances, suits, liabilities, commitments, obligations, costs, expenses, demands, damages, actions, proceedings and claims of any nature under the Fair Labor Standards Act and corresponding Florida law, related to Plaintiff's employment with Defendant, up to and including the date of execution of this Agreement.

5. For purposes of complying with the tax laws of the United States and the State of Florida, Plaintiff understands and agrees that she is responsible to pay any taxes due, associated with the payments identified in paragraph 2.

6. This Agreement is not, in any way, an admission by any party of any allegation, issue, fact or conclusion of law involving, concerning or in any way referencing Plaintiff's employment with Defendant. Defendant denies having committed any violation of law.

7. Except as provided herein, the parties are solely responsible for their respective costs and fees incurred as a result of the disputes involving the Fair Labor Standards Act and Florida law.

8. The law governing the creation, interpretation, and enforcement of this Agreement is the law of the State of Florida. The parties agree that any dispute between the parties concerning the interpretation, application, or claimed breach of this Agreement shall be submitted to binding arbitration pursuant to the Parties' Mutual Agreement to Arbitrate effective July 7, 2014 ("Arbitration Agreement") (Dkt. 8, Ex.1). Should any party institute any proceedings against the other with respect to any claim released by this Agreement, or pursue any other dispute covered by the Arbitration Agreement by any method other than as provided for in this section of this

Agreement, the responding party shall be entitled, unless prohibited by law, to recover from the initiating party the following penalties: all damages, costs, expenses, and attorney's fees incurred as a result of such action. Notwithstanding any provision of this section to the contrary, and consistent with Dialogue, either party to this Agreement may seek temporary, preliminary, or emergency relief from a court of competent jurisdiction in order to preserve the rights of that party pending resolution of their dispute under this section and/or arbitration under the Arbitration Agreement. Exclusive venue of any dispute related to this Agreement shall be, and is convenient, in Hillsborough County, Florida.

9. This Agreement is effective upon execution but may be subject to approval by the Court. If the Court does not allow a settlement under the terms submitted to it, this Agreement is void and the parties shall proceed with litigation.

10. This Agreement may not be amended except by written amendment signed by both parties.

11. Plaintiff acknowledges that by entering into this Agreement, Plaintiff does not waive FLSA rights or claims that may arise after the date this Agreement is executed.

12. Plaintiff has been advised to consult an attorney before entering into this Agreement, and Plaintiff has in fact consulted with her attorney.

13. Plaintiff affirms that she has carefully read this entire Agreement and fully understands all the terms contained herein, including, but not limited to, the fact that it is a full, complete, irrevocable and unconditional release of all of her claims under the Fair Labor Standards Act and Florida law and that she executes this Agreement voluntarily with full knowledge of its significance and the consequences thereof.

_Elizabeth Antonelli_
Elizabeth Antonelli

Date: 9/1/2017

CITRUS PUBLISHING, LLC

By: _____

Date: 9/27/17

30813635.1